# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1456V
### Filed: April 12, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| OLGA GALVIS, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| v. | * | Tetanus, Diphtheria, acellular Pertussis |
| | * | ("Tdap") Vaccine; Shoulder Injury |
| SECRETARY OF HEALTH | * | Related to Vaccine Administration |
| AND HUMAN SERVICES, | * | ("SIRVA"); Special Processing Unit |
| | * | ("SPU") |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*John Howie, Jr., Howie Law, P.C., Dallas, TX, for petitioner.*
*Lisa Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On December 2, 2015, Olga Galvis ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused in fact by the tetanus, diphtheria, acellular pertussis ("Tdap") vaccination she received on August 14, 2014. Petition at 1, ¶ 19. Petitioner further alleges that she has suffered the residual effects of her injury for more than six months, and neither she nor any other party has brought an action for her vaccine related injuries. *Id.* at ¶¶ 18, 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 11, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1.  Specifically, respondent "opines that petitioner experienced SIRVA of the right upper extremity within 48 hours of Tdap vaccine administration . . . [and] agrees that petitioner's SIRVA was more likely than not caused by the August 14, 2014, Tdap vaccination." *Id.* at 4.  Furthermore, respondent believes that "the statutory six month sequela requirement has been satisfied . . . [and] based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* (citations omitted).

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

2